J-A26042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL GLASS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY KRAUSE, | |
| Appellant | No. 224 MDA 2015 |

Appeal from the Order Entered January 2, 2015
in the Court of Common Pleas of Berks County
Civil Division at No.: 14-21276

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 29, 2015**

Appellant, Tony Krause, appeals from the trial court's order denying his petition to open his appeal from a judgment by a magisterial district judge (MDJ).[1] After careful review, we affirm.

The trial court summarized the procedural history as follows:

> On or about October 14, 2014, [the MDJ] entered judgment against [Appellant] for rent in arrears owed to [Appellee Michael Glass] pursuant to a residential lease. [Appellant] filed a timely appeal of the judgment to [the trial] court's prothonotary . . . on November 10, 2014. Significantly, however, [Appellant] failed to file proofs of service of the appeal on opposing counsel and the [MDJ]. On December 8, 2014[, Appellee] filed a *praecipe* to strike appeal from [MDJ] judgment

---

* Retired Senior Judge assigned to the Superior Court.

[1] "An order denying a motion to reinstate an appeal is a final order for purposes of appeal." **Slaughter**, **infra**, at 1122 n.1 (citation omitted).

for failure to file a proof of service within ten days after filing the notice of appeal from the [MDJ] judgment.

(Trial Court Opinion, 3/12/15, at unnumbered pages 1-2) (citations, quotation marks, and most capitalization omitted).

On December 18, 2014, Appellant filed a petition to open his appeal. The trial court denied the petition on January 2, 2015. On January 30, 2015, Appellant timely appealed.[2] While this appeal was pending, Appellee filed a motion to dismiss. This Court denied the motion without prejudice to Appellee's raising the issue before the merits panel. (*See Per Curiam* Order, 7/15/15).

Appellant raises the following questions for our review:

A. Whether the [trial] court committed an abuse of discretion and error of law in summarily [denying] the petition to reinstate appeal without applying or analyzing the "good cause" standard under [Pa.R.C.P.M.D.J. No.] 1006[?]

B. Whether the [trial] court committed an abuse of discretion and error [of] law by not considering [Pa.R.C.P.] 126[?]

(Appellant's Brief, at 4) (most capitalization omitted).[3]

Preliminarily, we note, "[a]s all of the issues raised by [A]ppellant are inextricably intertwined, they will be addressed together." *Slaughter v.*

_____

[2] The court did not order Appellant to file a Rule 1925(b) statement. The court entered its Rule 1925(a) opinion on March 12, 2015. *See* Pa.R.A.P. 1925.

[3] We observe that Appellant filed his brief twenty-five days late, on May 22, 2015, and he has repeatedly missed this Court's deadlines for filing the docketing statement. (*See Per Curiam* Order, 3/17/15; *Per Curiam* Order, 4/02/15).

***Allied Heating***, 636 A.2d 1121, 1123 (Pa. Super. 1993), *appeal denied*, 652 A.2d 839 (Pa. 1994) (footnote omitted).

Here, Appellant argues that the trial court erred in refusing to reinstate his appeal. Specifically, he asserts that he has presented good cause for failing to comply with the Pennsylvania Rules of Civil Procedure for Magisterial District Judges No. 1006 and the court should have liberally construed the rule pursuant to Pennsylvania Rule of Civil Procedure 126. (***See*** Appellant's Brief, at 8-14).[4] Appellant's issues lack merit.

Rule 1006 provides:

> Upon failure of the appellant to [timely file proof of service], the prothonotary shall, upon *praecipe* of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

Pa.R.C.P.M.D.J. 1006.

It is well-settled that:

> Pursuant to Rule 1006, the trial court may reinstate an appeal which has been stricken upon good cause shown. While the phrase good cause shown has not been precisely defined, this court has interpreted it to require an appealing party to proffer some legally sufficient reason for reinstating the appeal. [T]he determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion.

***Slaughter***, ***supra*** at 1123 (citations and quotation marks omitted).

In reviewing the prior version of Rule 1006, this Court explained:

---

[4] "[T]rial courts have the power to liberally construe and apply procedural rules under Pa.R.C.P. 126[.]" ***Hanni***, ***infra*** at 1350.

As the rule clearly states, the trial court is never required to reinstate appeals (whereas the prothonotary can be required to strike them). The rule provides two levels of discretion. First, the trial court has discretion to determine whether there is good cause for reinstating the appeal. After examining appellant's excuse for failing to timely file the proofs of service, the trial court is not required, but is permitted to reinstate the appeal, in its discretion. Considering the weight this rule gives to the trial court's discretion, we should be careful that we do not simply substitute our judgment as to whether an appeal should be reinstated. Rather, we should uphold any reasonable decision by the trial court, even though we might not agree with it ourselves.

*Hanni v. Penn Warranty Corp.*, 658 A.2d 1349, 1350-51 (Pa. Super. 1995), *appeal denied*, 670 A.2d 142 (Pa. 1995) (citations omitted).

Here, the record reflects that Appellant filed a notice of appeal to the trial court on November 10, 2014. (*See* Docket, at 1). Appellee and the MDJ received actual notice of Appellant's appeal. (*See* Trial Ct. Op., at unnumbered page 7). However, Appellant did not file proofs of service within the ten-day timeframe, by November 20, 2014.[5] On December 8, 2014, Appellee filed a *praecipe* to strike the appeal and the prothonotary complied. (*See* Docket, at 1). On December 18, 2014, Appellant filed a petition to open the judgment, attaching photocopies of the proofs of service. (*See* Appellant's Petition, 12/18/14, at unnumbered pages 4-5).

In his petition, Appellant concedes that the proofs of service were not filed on November 20, 2014 "because counsel became ill, and had to leave

---

[5] Appellant has not filed proofs of service to date. (*See* Docket, at 1).

work early . . . [and] was hospitalized from November 23, 2014, to November 28, 2014." (*Id.* at unnumbered pages 1-2 ¶¶ 4-5).

The trial court aptly explained:

> . . . Though the [c]ourt certainly understands that Appellant's counsel was unable to file the proofs of service before November 28, 2014, Appellee's counsel did not *praecipe* to strike the appeal until December 8, 2014, nearly [one] month after the [n]otice of [a]ppeal was filed. Appellant did not then file [] [p]roof[s] of service . . . .
>
> . . . [T]he [c]ourt finds that [A]ppellant has not demonstrated good cause here. . . . The [c]ourt acknowledges that it has the power to reinstate the appeal for good cause shown, at its discretion, but can find no legally sufficient reason for doing so here.
>
> The [c]ourt also acknowledges that it has the discretionary authority under [Pa.R.C.P.] 126 to ignore procedural defects so long as the parties will not be prejudiced. However, the [c]ourt declines to exercise its discretion to reinstate the appeal here. Appellant's counsel could have filed the proofs of service at some date after she was released from [the] hospital, or could have arranged for another attorney to file it for her as was the case with the filing of [the MDJ] judgment appeal to this [c]ourt.

(Trial Ct. Op., at unnumbered pages 6-7) (quotation marks and citations omitted). Upon review, we agree and conclude that the trial court did not abuse its discretion. *See Slaughter*, *supra* at 1123; *Hanni*, *supra* at 1351. Accordingly, Appellant's issues do not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015